```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

BERNIE R. FALLS,                      )
                                      )
Plaintiff,                            )
                                      )
vs.                                   )   NO.  2:05-CV-67
                                      )
ISPAT INLAND, INC. and                )
UNITED STEEL WORKERS OF AMERICA,      )
                                      )
Defendants.                           )
```

## OPINION AND ORDER

This matter s before the Court on Defendant Ispat Inland Inc.'s ("Ispat") Motion for Summary Judgment, filed by Defendant, Ispat, on November 29, 2005.  For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Plaintiff's complaint[1] alleges that Plaintiff was discriminated against by his employer, Ispat, and his Union, United Steel Workers of America ("United Steel"), on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et seq.*  Defendant Ispat has moved for summary judgment on this claim.

---

[1] The complaint, titled a "Complaint For Sex Discrimination," contains no allegations of sex discrimination whatsoever.

1

Ispat argues that Plaintiff's Title VII claim should be dismissed because Ispat terminated Falls for a legitimate, non-discriminatory reason, and Falls has not shown that reason to be pretextual. The issues in this case have been fully briefed and are ripe for adjudication.

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the

movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect* the outcome of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.  In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the

3

nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Facts

Both Falls and Ispat cite only to very cursory affidavits in support of their respective claims.[2]  The facts before the Court are as follows:

Plaintiff, who is Caucasian, was hired by Ispat on April 14, 1977. (Compl. ¶ 2; Answer ¶ 2; Lamm Aff. ¶ 6.)  Plaintiff remained an employee of Ispat for several years. Plaintiff contends that he contacted Dean Schramm ("Schramm") around December of 2002 and informed Schramm that he was to be incarcerated commencing February 2003. (Falls Aff. ¶ 2.)  Plaintiff inquired of Schramm the procedure Plaintiff would need to follow in order to retain his job with Ispat. (*Id*.)  Plaintiff contends that Ispat was aware that Plaintiff's incarceration was to be for a period of fifteen months. (*Id*.)  Plaintiff claims that a meeting was held in January 2003 wherein he was advised by Schramm that his job would be held for him. (*Id*.)  Plaintiff fails to provide the Court with any information regarding Schramm's position or authority to make promises on behalf of Ispat.

Defendant's account of the facts occurring before Plaintiff's

---

[2]In fact, it appears that neither Falls nor Ispat engaged in serious discovery in this case, as no answers to interrogatories, documents or deposition testimony is cited by either party.

incarceration is slightly different. Defendant contends that Plaintiff first contacted Dennis Shattuck ("Shattuck"), Chairman of the Grievance Committee for United Steel, in early 2003 about his upcoming incarceration. (Shattuck Aff. ¶ 3.) Plaintiff informed Shattuck that his incarceration would last no longer than six months. (Shattuck Aff. ¶ 3.) In response, Shattuck contacted Craig Lamm ("Lamm"), Staff Representative in Union Relations at Ispat, to inquire on Plaintiff's behalf about reinstatement after Plaintiff's release from incarceration. (Shattuck Aff. ¶ 4; Lamm Aff. ¶¶ 1, 3.) Lamm agreed, on behalf of Ispat, to allow Plaintiff to return to work if he returned within six months, with the condition that Plaintiff's return would be pursuant to a Last Chance Agreement. (Shattuck Aff. ¶ 5; Lamm Aff. ¶ 4.) Shattuck informed Plaintiff of Lamm's decision. (Shattuck Aff. ¶ 6.)

After his incarceration, Plaintiff attempted to return to his position at Ispat in March 2004. (Shattuck Aff. ¶ 8; Lamm Aff. ¶ 5.) Plaintiff went through the union's grievance procedures, but was ultimately informed that his employment with Ispat was terminated effective April 17, 2003. (Falls Aff. ¶ 2.)

Plaintiff notes that two non-white Ispat employees who were incarcerated for a period of two years were reinstated after their release. (Falls Aff. ¶ 3.)

Title VII Claim

5

Ispat argues that Plaintiff's Title VII claim should be dismissed because the facts show the absence of race discrimination. Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).

A plaintiff may avoid summary judgment by presenting either direct or indirect evidence that they have been discriminated against. *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 454 (7th Cir. 1999). Direct evidence includes allegations that if believed will prove a particular fact in question without relying on inferences or presumptions. *Id*.

Plaintiff has not alleged any direct evidence of discrimination by Ispat, and must therefore utilize the indirect, burden-shifting method established in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Under the indirect method:

> [A] plaintiff must establish, by a preponderance of the evidence, a prima facie case of discrimination. If the plaintiff makes out a prima facie case, a presumption of discrimination arises, and the burden shifts to the defendant to come forward with evidence of a 'legitimate, nondiscriminatory reason' for discharging the plaintiff. Finally, 'the plaintiff must then have an opportunity to prove by a preponderance of the evidence that

6

>   the legitimate reasons offered by the
>   defendant were not its true reasons, but were
>   a pretext for discrimination.

*Adreani v. First Colonial Bankshares Corp.*, 154 F.3d 389, 394 (7th Cir. 1998) (quoting *Testerman v. EDS Technical Prods. Corp.*, 98 F.3d 297, 302-03 (7th Cir. 1996)). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under the *McDonnell Douglas* framework, Plaintiff must first establish a prima facie case of discrimination by presenting evidence that: 1) he was a member of a protected class; 2) he was qualified for the job in question or was meeting the employer's legitimate performance expectations; 3) he suffered an adverse employment action; and 4) the employer treated other similarly situated employees outside the class more favorably. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1035 (7th Cir. 1999).

Ispat does not argue that Plaintiff cannot present a prima facie case of race discrimination.[3] Instead, Ispat contends that a legitimate, nondiscriminatory reason for its decision has been

---

[3] Ispat, apparently quite confident that Plaintiff could not demonstrate a genuine issue of material fact regarding pretext, opted not to argue that Plaintiff could not demonstrate a *prima facie* case. There appears to be at least some doubt regarding whether Plaintiff could have demonstrated facts from which a reasonable jury could have found each element of his prima facie case. But, those issue were not raised by Ispat, and this Court need not consider them. "[I]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel . . . ." *See 330 West Hubbard Restaurant Corp. V. United States*, 203 F.3d 990, 997 (7th Cir. 2000).

7

articulated.  Namely, the Plaintiff did not return to work within the time agreed upon.

Because Ispat has articulated a non-discriminatory reason for terminating Falls, the burden shifts to Falls to demonstrate pretext.  *See Adreani*, 154 F.3d at 394.  To refute the stated reason for terminating Falls, he must show that (1) the proffered reason is factually baseless; (2) the proffered reason was not the actual motivation; or (3) the proffered reason was insufficient to motivate the decision.  *Wolf v. Buss (America), Inc.,* 77 F.3d 914, 919 (7th Cir. 1996).  In the instant case, there is a factual dispute regarding whether there was an agreement that Plaintiff's job would remain open for the expected fifteen months of Plaintiff's incarceration as Plaintiff contends, or whether Ispat agreed only to keep the job open for a period of six months as Ispat contends.  If the Plaintiff's version is accepted as true, as it must be at this stage of the proceedings, then a reasonable jury could find that the reason stated by Ispat for terminating Falls is factually baseless.  Thus, there is a genuine issue of material fact that remains disputed and summary judgment is inappropriate.

CONCLUSION

    For the reasons set forth above, Defendant Ispat's Motion for Summary Judgment is **DENIED**.


**DATED:  April 28, 2006**            /s/RUDY LOZANO, Judge
                                               **United States District Court**