IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
BERNIE R. FALLS,                      )
                                      )
Plaintiff,                            )
                                      )
vs.                                   )    NO.  2:05-CV-67
                                      )
ISPAT INLAND, INC. and                )
UNITED STEEL WORKERS OF AMERICA,      )
                                      )
Defendants.                           )
```

**OPINION AND ORDER**

This matter is before the Court on Defendant Steelworkers' Motion to Dismiss, filed by United Steelworkers of America, Local Union 1010 ("Local 1010"), on March 7, 2006.

On February 23, 2005, Plaintiff, Bernie R. Falls ("Falls"), filed a complaint alleging race discrimination.  Falls served one Defendant, Ispat Inland, Inc., with a summons and complaint, but failed to serve Local 1010.  Local 1010 learned of the pendency of this suit through a notice of a pretrial conference issued by the Court on July 18, 2005.  Local 1010 promptly notified Plaintiff that it had not been served with a summons or complaint.  Local 1010 also reminded Plaintiff via telephone on several occasions that it had never been served.

After Plaintiff continually failed to serve Local 1010, Local 1010 failed a motion to dismiss on September 2, 2005, for lack of

service.  The Court denied this Motion on January 23, 2006, but ordered Plaintiff to serve Local 1010 on or before February 17, 2006.  Plaintiff still failed to serve Local 1010 and Local 1010 filed this motion to dismiss on March 7, 2006.

Plaintiff's counsel admits Plaintiff failed to comply with the Court's January 23, 2006, order because of medical problems.  Plaintiff further contends that proper service has since been effectuated via certified mail.  However, Local 1010 contends that, although it received a summons on April 4, 2006, through certified mail, the service was inadequate in that the summons form was not signed by the Clerk of the Court, did not identify the Court, and did not include a copy of the complaint.

Federal Rule of Civil Procedure 4(a) provides:

> Form.  The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff . . . The court may allow a summons to be amended.

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effectuated within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

When reading these provisions of Rule 4 together, it becomes clear that the Court has discretion on whether to permit Plaintiff an opportunity to amend the summons issued to Local 1010 to conform properly to Rule 4.  Further, any dismissal for failure to serve would be without prejudice.  Therefore, in the interest of justice, Plaintiff is permitted until May 31, 2006, to effectuate proper service under Rule 4.  If Plaintiff fails to serve Local 1010 with a proper summons and complaint by this date, this Court will dismiss Local 1010 from this action.  However, at this time, Local 1010's Motion to Dismiss is **DENIED**.

**DATED:  May 5, 2006**          /s/RUDY LOZANO, Judge
                                 **United States District Court**